# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1997 SESSION



**FILED**

**October 14, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. 02C01-9610-CC-00364** |
| | ) | |
| Appellee, | ) | **LAUDERDALE COUNTY** |
| | ) | |
| **VS.** | ) | **HON. JOSEPH H. WALKER, III,** |
| | ) | **JUDGE** |
| **SONNY M. PORTER,** | ) | |
| | ) | (Aggravated Kidnapping, Assault |
| Appellant. | ) | and Aggravated Criminal Trespass) |

**FOR THE APPELLANT:**

**GARY F. ANTRICAN**
District Public Defender

**JULIE K. PILLOW**
Assistant Public Defender
P.O. Box 700
Somerville, TN 38068

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**MARK DAVIDSON**
Assistant District Attorney General
302 E Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Sonny M. Porter, was convicted by a Lauderdale County jury of aggravated kidnapping, aggravated criminal trespass and two (2) counts of simple assault. For the offense of aggravated kidnapping, he was sentenced as a repeat violent offender to life imprisonment without parole. On appeal, he presents the following issues for our review: (1) whether the trial court erred in denying defendant's motion to compel the state to elect which offenses it would proceed upon; and (2) whether the evidence was sufficient to sustain the aggravated kidnapping conviction. We find no error and affirm the judgment of the trial court.

## FACTS

Late in the evening on July 6, 1995, Galelyn Bates heard someone tapping on the door of her home. She opened the door on the side of her home, but did not see anyone. Thinking that her son might be coming home for the night, she left the side door cracked. She then checked the front door. Suddenly, she realized that there was someone in her house. At trial, Bates identified the man in her home as the defendant.

Bates screamed for help. Defendant, who was carrying a knife, told her that he would kill her if she screamed again. Defendant told Bates to take off her clothes, and they began struggling. During the struggle, defendant cut Bates' hand and the back of her neck.

At the same time, Bates' neighbor, Linda Treadway, ran across the street to check on Bates. She looked into the window and saw Bates and defendant. She began knocking on the window and calling out to Bates.

Defendant asked Bates if she had a back door. He grabbed Bates by the clothes and took her with him out of the back of the house. They went across her back yard, and defendant forced Bates to climb over her fence. Once she had climbed over the fence, Bates ran away from the defendant. Defendant was

subsequently apprehended by a Henning police officer.

Defendant was indicted in Count One for attempted aggravated rape, Count Two for aggravated burglary, Count Three for especially aggravated kidnapping and Count Four for aggravated assault.[1] The jury returned guilty verdicts for lesser offenses on all counts; to wit: simple assault in Count One, aggravated criminal trespass in Count Two, aggravated kidnapping in Count Three and simple assault in Count Four. The trial judge sentenced defendant as a repeat violent offender to life imprisonment without parole for the aggravated kidnapping conviction. Defendant was sentenced to concurrent sentences of eleven (11) months and twenty nine (29) days for the other offenses. From these convictions and sentences, defendant brings this appeal.

## ELECTION OF OFFENSES

In his first assignment of error, defendant contends that the trial court erred in denying a motion to compel the state to elect which offenses it would proceed upon. Relying on State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), defendant argues that the proof did not support the charges for both attempted aggravated rape in Count One and especially aggravated kidnapping in Count Three. He alleges that requiring the state to elect between the rape and kidnapping charges at the conclusion of the state's proof would have obviated the Anthony issue. Therefore, he claims that Anthony requires an election by the state.

In State v. Anthony, our Supreme Court addressed the issue of whether dual convictions of armed robbery and aggravated kidnapping arising out of the same criminal episode could constitutionally stand as a matter of due process. The Court held that when kidnapping is "essentially incidental" to another offense, due process prohibits a conviction for kidnapping. Id. at 306-307. The test to be applied is whether, under the facts of each case, "the confinement, movement or detention is

---

[1] The aggravated assault count stemmed from an incident with the arresting officer. Defendant was convicted of the lesser offense of simple assault. This conviction is not contested by the defendant on appeal.

essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction." Id. at 306. The determination of whether the convictions for kidnapping and the linked felony can stand is fact specific, as there is no prohibition against convictions for both offenses "simply because they arise out of the same criminal episode." Id. at 307.

However, nothing in our Supreme Court's holding in Anthony requires that the state elect between the kidnapping charge and the accompanying charge before the jury deliberates. Anthony applies only when a defendant is convicted of both kidnapping and a felony that would inherently involve a kidnapping. *See* State v. Martin Thomas Terrell, C.C.A. No. 02C01-9701-CC-00001 (Tenn. Crim. App. filed August 15, 1997, at Jackson).

In various contexts, due process requires that the state elect at the close of its proof the particular offense for which it seeks a conviction. VanArsdall v. State, 919 S.W.2d 626, 633 (Tenn. Crim. App. 1995). This requirement is based on three concerns: to enable the defendant to prepare his defense for a specific charge, to protect the defendant from the dangers of double jeopardy, and to ensure that the jury's verdict is unanimous. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). The third rationale is considered to be the most significant, as it is based on the fundamental right to a unanimous jury verdict before the imposition of a criminal conviction. Id. None of these concerns is involved in the case *sub judice*. There was no requirement for the state to make an election.

Although the defendant may demand that the state elect between factual occurrences in an indictment, the state is not required to elect between separate charges in the same indictment. State v. Henley, 774 S.W.2d 908, 916 (Tenn. 1989); *see also* Raybin, *Criminal Practice and Procedure*, § 26.82 (1985). The trial court properly denied defendant's motion. This issue is without merit.

**SUFFICIENCY OF THE EVIDENCE**

4

Defendant maintains that the evidence is insufficient to support the conviction for aggravated kidnapping. Pursuant to State v. Anthony, defendant asserts that the kidnapping was merely incidental to the attempted aggravated rape. As a result, he argues that due process requires that the aggravated kidnapping conviction be dismissed.

**A.**

We begin our analysis with a determination of whether the evidence is sufficient to support the aggravated kidnapping conviction. When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

**B.**

A person commits the offense of aggravated kidnapping who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty while in possession of a deadly weapon or threatens the use of a deadly weapon. Tenn. Code Ann. §§ 39-13-302, 39-13-304(a)(5).

**C.**

Defendant, while carrying a knife and threatening to kill Bates, grabbed her

5

and forced her out of the back door of her home. He pushed her across her back yard and made her climb the fence. Only then was she able to escape. Defendant substantially interfered with Bates' liberty while carrying a knife. We find this evidence to be sufficient to support the conviction for aggravated kidnapping.

**D.**

Furthermore, under the principles outlined in Anthony, we find that the separate conviction of aggravated kidnapping should stand. The kidnapping charge is not merely incidental to the assault on the victim. The initial assault was interrupted when Bates' neighbor began knocking on the window, at which point the defendant took another course of action by forcing the victim out of her home. By doing so, he "substantially increased the risk of harm over and above that necessarily present" in the assault. State v. Anthony, 817 S.W.2d at 306 (quoting State v. Rollins, 605 S.W.2d 828, 830 (Tenn. Crim. App. 1980)).

**E.**

Moreover, double jeopardy principles as delineated by our Supreme Court's holding in State v. Denton, 938 S.W.2d 373 (Tenn. 1996), are not violated by defendant's convictions for simple assault and aggravated kidnapping. In Denton, the Court held that the determination of the double jeopardy issue rests on an analysis of the following: (1) an analysis of the statutory offenses; (2) an analysis of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes. 938 S.W.2d at 381.

An analysis under Denton reveals that double jeopardy principles are not offended by defendant's convictions for simple assault and aggravated kidnapping. A conviction of aggravated kidnapping requires proof that the accused substantially interfered with another person's liberty, while assault does not. Likewise, the evidence used to prove assault was distinct from that used to prove aggravated kidnapping. Furthermore, defendant committed discrete acts in (1) committing the initial assault on the victim, and (2) forcing the victim out of her home at knife point. Finally, the evil at which each offense is directed is different. Kidnapping punishes

6

those who interfere with another's liberty, while assault punishes those who cause bodily injury or fear of bodily injury. Tenn. Code Ann. §§ 39-13-101, 39-13-302. The conviction for aggravated kidnapping is constitutionally permissible, as well as supported by sufficient evidence. This issue is without merit.

**F.**

We must also note that defendant was not convicted of attempted aggravated rape as was charged in Count One of the indictment. Defendant was convicted of the lesser offense of simple assault. In essence, defendant argues that the Class B felony of aggravated kidnapping is merely incidental to the Class A misdemeanor of simple assault. In other words, defendant is contending the felony of aggravated kidnapping merges into the misdemeanor of simple assault. Even if only one conviction could stand, certainly it would be the aggravated kidnapping and not the simple assault.

**SENTENCING**

Although not raised as an issue for our review, defendant makes the bare allegation that his sentence of life imprisonment is unjust. In its entirety, defendant's argument is as follows:

> In addition, it appears to the appellant that it is unjust to require him to serve a sentence of Life without Parole on the Aggravated Kidnapping conviction in light of the jury's overall determination of the facts of this case. Had the State been required to elect, it is quite possible that the State would have elected to pursue the Attempted Aggravated Rape and dismissed the Kidnapping charge. If that had occurred, [defendant] would now be serving an 11 month 29 day sentence instead of Life without Parole.

We do not find this conclusory statement to be sufficient to raise a sentencing issue. Tenn. R. App. P. 27(a)(7); *see also* Cone v. State, 927 S.W.2d 579, 581 (Tenn. Crim. App. 1995). Nevertheless, because defendant's aggravated kidnapping conviction is affirmed, we find that the trial court properly sentenced defendant as a repeat violent offender to life without parole pursuant to Tenn. Code Ann. § 40-35-120(g). Defendant has a previous conviction for first degree murder. *See* Tenn. Code Ann. § 40-35-120(a), (d). This issue is without merit.

7

## CONCLUSION

The trial court did not err in denying defendant's motion to compel the state to elect offenses. Furthermore, defendant's aggravated kidnapping conviction is supported by sufficient evidence. As such, defendant's conviction and sentence of life imprisonment without parole is proper. Accordingly, the judgment of the trial court is affirmed.

 

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**