**STATE of Tennessee, Appellee,**

v.

**William SHELTON, Appellant.**

Supreme Court of Tennessee, at Knoxville.

March 22, 1993.

Michael A. Walcher, D. Clifton Barnes, Office of the Public Defender, Morristown, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DAUGHTREY, Justice.

Defendant William Shelton appeals his conviction for two counts of aggravated sexual battery and one count of aggravated rape. Because the state was permitted to present evidence of many instances of his sexual abuse of the victims, he challenges the state's failure to elect the particular offenses for which it sought convictions. We conclude that the trial court erred by not requiring an election as mandated by *Burlison v. State*, 501 S.W.2d 801 (Tenn.1973). As to one count, the error was harmless, because the proof establishes a single incident, thereby obviating the necessity of an election by the prosecutor. We cannot say, however, that the error as to the other two counts was harmless, and the judgments of conviction based on those charges must therefore be reversed.

■ The indictment charged William Shelton with the unlawful sexual penetration of one of his three step-granddaughters and unlawful sexual contact with the other two "on or about the ___ day of ____, 1989." In response to the defendant's motion for a bill of particulars, the state narrowed the time of the offenses to the period between April 7 and September 6, 1989. The defendant objected to the absence of more specific dates, both at the pretrial hearing and at the close of the state's proof. However, rather than requiring the state to elect the offenses for which it sought convictions, the trial court permitted the evidence to go to the jury with the following instruction:

Should you find from the evidence and beyond a reasonable doubt that the alleged offense (Aggravated Rape or Aggravated Sexual Battery) charged in any or all counts of the indictment occurred to any or all alleged victims but that the alleged offense occurred more than once to any or all alleged victims, you must focus in your verdict on one event in each count as to each alleged victim. You cannot in your verdict find that the defendant committed more than one offense against each alleged victim. The law requires that every juror be united on the one alleged offense in each count of the indictment. If you find beyond a reasonable doubt that there has been more than one alleged offense to an alleged victim you must isolate your verdict on the first alleged occurrence after April 7, 1989, and before September 6, 1989, as to each victim.

We conclude that this instruction is an inadequate substitution for *Burlison's* explicit requirement that the prosecution identify the specific offenses for which it seeks convictions.

■ In *Burlison*, this Court held that "it was the duty of the trial judge to require the State, at the close of its proof-in-chief, to elect the particular offense of carnal knowledge upon which it would rely for conviction, and to properly instruct the jury so that the verdict of every juror would be united on the one offense." 501 S.W.2d at 804. This insistence that the state choose the offense it is prosecuting arises because of a unique exception to the general rule prohibiting proof of a defendant's other crimes. In *Jamison v. State*, 117 Tenn. 58, 61, 94 S.W. 675, 675–66 (1906) (following *Sykes v. State*, 112 Tenn. 572, 82 S.W. 185 (1903)), this Court established that

... in prosecutions for violation of the age of consent law and cognate crimes, evidence of other acts of intercourse both prior and subsequent to the act charged in the indictment is competent, as tending to establish the commission of the special act under examination, as corroborative of the evidence ..., and for the purpose of showing the relation of the parties....

Although this exception permits evidence of a defendant's other sexual crimes against a victim to be admitted into the record, in *Jamison* the Court carefully acknowledged that "each unlawful act of carnal knowledge is a separate, substantive offense," rather than a continuous offense. *Id.* 117 Tenn. at 62, 94 S.W. at 676. Thus, to avoid the prosecution of uncharged crimes in cases involving age of consent laws and other sexual crimes, the state is required to "elect the specific offense upon which a verdict of guilty would be demanded." *Burlison*, 501 S.W.2d at 803.

*Burlison* cites three reasons for the election requirement:

> First, to enable the defendant to prepare for and make his defense to the specific charge; second, to protect him from double jeopardy by individualization of the issue, and third, so that the jury's verdict may not be a matter of choice between offenses, some jurors convicting on one offense and others, another.

501 S.W.2d at 803. In practice, however, election at the end of the state's proof does little to aid the defendant in preparing his defense. A defendant is obviously better served by requesting a bill of particulars before trial, pursuant to Tenn.R.Crim.P. 7(c). *See generally State v. Hicks*, 666 S.W.2d 54 (Tenn.1984). Moreover, the second concern is largely moot, because an accused is protected from double jeopardy for the type of offense or offenses charged during the entire period of time covered in the indictment. *See State v. Hardin*, 691 S.W.2d 578, 580–81 (Tenn.Crim.App.1985). The third *Burlison* rationale addresses the most serious concern: the well-established right under our state constitution to a unanimous jury verdict before a criminal conviction is imposed. For this reason, when evidence suggests that a defendant has committed many sexual crimes against a victim, the court must require the state to elect the particular offenses for which convictions are sought.

■ This requirement of election is "fundamental, immediately touching on the constitutional rights of an accused...." *Burlison*, 501 S.W.2d at 804; *State v. Brown*, 762 S.W.2d 135, 137 (Tenn.1988).[1] Although the federal constitution's requirement of unanimity among jurors has not been imposed on the states through the Fourteenth Amendment, "there should be no question that the unanimity of twelve jurors is required in criminal cases under our state constitution." *State v. Brown*, 823 S.W.2d 576, 583 (Tenn.Crim.App.1991). A defendant's right to a unanimous jury before conviction requires the trial court to take precautions to ensure that the jury deliberates over the particular charged offense, instead of creating a "patchwork verdict" based on different offenses in evidence. *Id.* (citing *United States v. Duncan*, 850 F.2d 1104, 1110 (6th Cir.1988)). When a jury is charged, as here, to elect for itself the incidents on which it will convict, the court cannot be assured of the unanimity of the jury's verdict. Hence, when asked to function as "thirteenth juror" and assess the weight of the evidence to support the jury's verdict, the trial court cannot be certain which evidence was considered by the jury in reaching its verdict. Moreover, an appellate court asked to review the legal sufficiency of the evidence can hardly be confident that it has discharged its function properly, in the absence of an election.

■ By insisting upon election, we emphasize that the state is not required to identify the particular date of the chosen offense. The time of an offense is often immaterial in the bringing of an indictment. *See* T.C.A. § 40-13-207. Moreover, such a requirement would make impossible the prosecution of criminal acts committed against young children who are the frequent victims of cognate crimes and crimes involving the age of consent. However, a particular offense can often be identified without a date.

---

1. In *Brown,* the defendant's conviction for aggravated sexual battery of a six-year-old girl was reversed because the state failed to elect the specific incident for which it sought conviction. 762 S.W.2d at 137.

■ If, for example, the evidence indicates various types of abuse, the prosecution may identify a particular type of abuse and elect that offense. *See e.g., State v. Fears,* 659 S.W.2d 370, 374 (Tenn.Crim. App.1983). Moreover, when recalling an assault, a child may be able to describe unique surroundings or circumstances that help to identify an incident. The child may be able to identify an assault with reference to a meaningful event in his or her life, such as the beginning of school, a birthday, or a relative's visit.[2] Any description that will identify the prosecuted offense for the jury is sufficient. In fulfilling its obligation under *Burlison* to ensure that an election occurs, the trial court should bear in mind that the purpose of election is to ensure that each juror is considering the same occurrence. If the prosecution cannot identify an event for which to ask a conviction, then the court cannot be assured of a unanimous decision.

■ It has been suggested that when a defendant denies all sexual contact with the victim, but the proof is sufficient to support guilty verdicts beyond a reasonable doubt on all of the offenses in evidence, an election is unnecessary. *See Anderson v. State,* 748 S.W.2d 201 (Tenn. Crim.App.1985). The *Anderson* court acknowledged, however, that "the state's failure to elect a date for the offense upon which it relied makes it impossible to determine which offense the jury found guilt upon or whether all convicted on the same offense." *Id.* at 203. As noted above, in cases where a specific date cannot be supplied, the jury's consideration must be focused on one or more charged offenses by some effective means of election, in order to ensure unanimity on those offenses and no others.

■ Moreover, although a reviewing court may view the proof as sufficient to support a guilty verdict on any offense in evidence, its standard of review is much less stringent than that of a jury. Twelve jurors must agree on guilt beyond a reasonable doubt; an appellate court must find that after reviewing the evidence in the light most favorable to the state, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tenn.R.App.P. 13(e). Thus, an appellate court's finding that the evidence is sufficient to support convictions for any of the offenses in evidence is an inadequate substitute for a jury's deliberation over identified offenses. To the extent that *Anderson* holds otherwise, that case is overruled.

■ In this case, one of the victims, seven-year-old "A", testified only in very general terms that the defendant had digitally penetrated her and her two sisters on more than one occasion. More significantly, she testified to one incident that occurred on her birthday, involving a partially successful attempt by the defendant to achieve intercourse with her by means of penile penetration. The medical expert testified that this child showed clear signs of sexual abuse. Because the jury returned a verdict of aggravated rape on this count only, we conclude that the jurors must have considered the evidence of this particular incident in convicting the defendant of aggravated rape. We therefore conclude that the *Burlison* error as to this conviction was harmless beyond a reasonable doubt and affirm the judgment on this count.

---

**2.** In *State v. Byrd,* 820 S.W.2d 739 (Tenn.1991), we upheld a presentment that had been challenged for non-specification, noting that even when a child cannot be date-specific, "the child may be able to define the time of the offense by reference to such memorable occasions in a child's life as birthdays, seasonal celebrations and holidays, the beginning or end of the school year, or visitations by relatives." *Id.* at 742. Such references are also useful for election purposes.

In *Byrd* we indicated that the complete absence of a "descriptive reference" in the charging instrument may be excusable when the defendant cannot show prejudice. However, after the state introduces evidence of many offenses, some of which are not charged, the mandatory election must include some description identifying the charged offense, regardless of the defendant's inability to show prejudice.

 The second victim, six-year-old "S", testified that the defendant fondled her and penetrated her digitally on more than one occasion. She did not differentiate one event from the others. The medical expert noted only evidence of irritation in her genital area. The jury found the defendant guilty of aggravated sexual battery as to this victim. In view of the nature of the evidence presented on this charge and the *Burlison* error resulting from the state's failure to elect, we conclude that the conviction cannot be sustained. The judgment is reversed, and the case is remanded for further proceedings on this count.

 The third count of the indictment charged the defendant with unlawful sexual contact with seven-year-old "C". Because the trial judge found her not qualified as a witness, "C" did not testify. Moreover, the medical expert found "no evidence of irritation and ... no physical evidence of any problem [related to possible sexual abuse of "C"]." The only testimony tending to prove the defendant guilty on this count was the brief and thoroughly non-specific testimony of the other two victims that "C" had been abused by the defendant. The jury nevertheless found the defendant guilty of aggravated sexual battery on this count. Beyond the *Burlison* error committed in connection with this charge, we find that the evidence is legally insufficient to sustain the defendant's conviction for this offense. The judgment, therefore, must be reversed and the charge against the defendant dismissed.

 We appreciate the difficulties involved in prosecuting cases of sexual abuse committed against small children. In such cases, the rules of evidence and the rules of procedure have been relaxed to some extent to accommodate very young witnesses. Nevertheless, the constitutional protections guaranteed a criminal defendant, who is presumed by law to be innocent until proven guilty, cannot be suspended altogether because of the victim's age or relative inability to testify. In cases such as this one, the state must either limit the testimony of prosecuting witnesses to a single event, or

prepare the case so that an election can be made before the matter is submitted to the jury to decide.

The judgment as to the first count of the presentment is reversed, and the charge is dismissed with prejudice. The judgment as to the second count is reversed, and the charge is remanded to the trial court for further proceedings consistent with this opinion. The judgment as to the third count, as well as the 25–year sentence imposed on the defendant as a result of his conviction on this count, is affirmed.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.