IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

January 27, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9709-CC-00405 |
| Appellee, | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| JOHNNY LEE HINES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Rape of a Child; Statutory Rape) |

FOR THE APPELLANT:

GREGORY D. SMITH
(On Appeal)
Contract Appellate Defender
One Public Square, Suite 321
Clarksville, TN 37040

MICHAEL D. RANDLES
(Trial and Appeal)
Assistant District Public Defender
105 South Main Street
Fayetteville, TN 37334

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM MICHAEL MCCOWN
District Attorney General

CHARLES CRAWFORD
HOLLY HEWGLEY
Assistant District Attorney General
One Public Square, Ste. 100
Shelbyville, TN 37160-3953

OPINION FILED: _____

AFFIRMED IN PART; REVERSED IN PART; REMANDED

JOE G. RILEY,
JUDGE

## O P I N I O N

Johnny Lee Hines was convicted by a Bedford County jury of fifteen counts of statutory rape, *see* Tenn. Code Ann. § 39-13-506, and thirteen counts of rape of a child, *see* Tenn. Code Ann. § 39-13-522. He received an effective sentence of 47½ years. He appeals, arguing that the trial court erred in (1) not granting a mistrial following objectionable testimony by the victim and (2) failing to grant a judgment of acquittal on all counts except those for which the state identified specific incidents of criminal conduct. For the reasons set forth below, we affirm in part, reverse in part, and remand for resentencing.

## INDICTMENT

The appellant was indicted for 106 counts of sexual offenses involving multiple minor victims. Of these, twenty-nine counts (numbered 1-13 and 91-106) pertaining to a single victim were severed and tried to a jury. The instant case deals only with these twenty-nine counts.

These counts charged the occurrence of one sexual offense each month from May 1994 through August 1996. Because the victim became thirteen years of age during May 1995, counts 1-13, covering the period from May 1994 through May 1995, charged the rape of a child, and counts 91-106, covering May 1995 through August 1996, charged statutory rape. Both crimes were charged for the victim's birth month as counts 13 and 91, respectively.

## BILL OF PARTICULARS

Due to the nature of the indictment, the defendant filed a motion for a bill of particulars. Ultimately, the state described only four specific incidents; namely, rape of a child in March 1995 as contained in Count 11, and three statutory rapes in June 1995, May 1996, and August 1996, as contained in Counts 92, 103 and 106,

2

respectively.  The state indicated in its response that it could not "narrow with any greater specificity the specific date and time for the other counts of the indictment."

## TRIAL ELECTIONS

At trial, the state presented specific proof as to the four offenses specified in its bill of particulars--Counts 11, 92, 103, and 106.  As for the remaining counts, the victim testified that from May 1994 through August 1996, the appellant had sex with her every day except during her menstrual cycle or when her parents were at home.

At the close of the state's proof, the state elected to proceed only on the four counts for which it had specifically identified the incidents of the offenses.  However, the trial court suggested that the state proceed to verdict on all counts and specify the fifteenth of each month for the occurrence of each of the non-specific counts.  The state related that it was "perfectly content" with this suggestion.

After the state elected the fifteenth of each month as the alleged offense date, the court withdrew the statutory rape count for May 1995.[1]  The jury did not, therefore, return a verdict on count 91.  Nevertheless, apparently by oversight, the trial court completed a judgment sheet on count 91, indicating a conviction.  We vacate the trial court's judgment convicting the appellant of count 91, statutory rape.

## PREJUDICIAL TESTIMONY

The appellant first argues that the trial court erred in failing to grant a mistrial following two instances of objectionable testimony by the victim.  In the first instance, the victim testified that the appellant had baby-sat her, her brother and sister, and other children.  The victim then stated that the appellant "was messing around with us." (emphasis added).  The state asked what she meant by "messing around," and the victim responded, "Having sex."

---

[1] As noted above, the indictment charged both statutory rape and the rape of a child for May 1995.  The victim became thirteen years old on May 18, 1995.  Therefore, consistent with the pattern of charging only one offense per month, the submitted charge for May 15, 1995, was rape of a child, not statutory rape.  *See* Tenn. Code Ann. §§ 39-13-506; 39-13-522.

Because the charges relating to other victims had been severed, the defense objected and argued this testimony impermissibly suggested that the appellant had sexually offended other children. Defendant moved for a mistrial. The trial court sustained the objection and offered a curative instruction, which the defense declined. However, the court denied the defense's motion for a mistrial.

The second instance occurred a few moments later, still during direct examination of the victim. The victim was asked whether the appellant was the only person who had ever had sex with her. She responded that there had been another man. The state then asked what had happened to this man, and the victim stated, "He got put in the penitentiary." Upon objection, the trial court found that the testimony was both hearsay and irrelevant and sustained the objection. The trial court again overruled the defense's motion for a mistrial. The defense did not request a curative instruction.

A mistrial will be granted only in cases of manifest necessity. State v. Mounce, 859 S.W.2d 319, 321 (Tenn. 1993). It is generally appropriate only when continuation of the trial would result in a miscarriage of justice. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). "The burden of establishing 'manifest necessity' lies with the appellant." Id. Whether a mistrial is warranted is a decision entrusted to the sound discretion of the trial judge. Mounce, 859 S.W.2d at 322; Williams, 929 S.W.2d at 388. We "will not interfere with the exercise of this discretion absent clear abuse appearing on the face of the record." State v. McPherson, 882 S.W.2d 365, 370 (Tenn. Crim. App. 1994).

In both instances of which the appellant complains, the trial court determined that although the victim's testimony was improper, a mistrial was not warranted. As to the first incident, the trial judge reasoned:

> Now, it seems to the Court that this case . . . is going to be a question of whether the jury believes the allegations by the State's main witness or believes the defendant. And consequently, with this particular statement made, if the State doesn't produce--and they will not be allowed to produce--any evidence that would corroborate that particular statement, that would seem to inure to the benefit of the defendant. At least that if the witness says, "I said this." And if the State doesn't produce any evidence to the jury that that, in fact, did happen, that would seem to inure to the benefit of the defendant given

4

> the status of the case now and given that this appears as though it's going to be a straight credibility-of-the-witnesses type of situation.
>
> . . . . [S]ince there are no details and there will be no details of the general statement made by the witness, it does not rise to the level at this time to justify a granting of a mistrial.

Regarding the defense's second motion for a mistrial, the trial judge found that, at worse, the testimony impermissibly bolstered the victim's credibility. That is, because the conviction proved the reliability of her prior accusation, it tended to suggest the reliability of her present accusation. The request for mistrial was denied.

Neither incident, when considered as a whole and in light of the totality of the evidence, was so prejudicial as to preclude a fair trial. The record demonstrates that the trial judge carefully considered each incident, and his decision not to grant a mistrial did not approach a clear abuse of discretion.

In addition, the defense declined a curative instruction for the first incident and failed to request a curative instruction for the second incident. In a case involving similar circumstances, this Court noted that, while the decision not to request a curative instruction may be understandable as a tactical matter, "an accused is not entitled to relief when he fails 'to take whatever action . . . reasonably available to prevent or nullify the harmful effect of an error.'" McPherson, 882 S.W.2d at 371 (quoting Tenn. R. App. P. 36(a)).

The appellant's first issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

The appellant next argues that the trial court erred in failing to grant a judgment of acquittal on each of the counts for which the state failed to identify and prove specific incidents of criminal conduct. The appellant presses this issue as an "election of offenses" problem, while the state addresses it as a question of sufficiency of the evidence. Although we agree with the state that the issue is

5

ultimately more akin to a question of sufficiency of the evidence,[2] election concerns are certainly interrelated.

"'[T]he purpose of election is to ensure that each juror is considering the same occurrence. If the prosecution cannot identify an event for which to ask a conviction, then the court cannot be assured of a unanimous decision.'" State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997) (quoting State v. Shelton, 851 S.W.2d 134, 138 (Tenn. 1993)). In addition to jury unanimity, the requirement of election serves two other concerns: "(1) to enable the defendant to prepare for and defend against the specific charge(s); [and] (2) to protect the defendant from double-jeopardy by individualization of the issue." Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996).

In making an election, the state is not required to identify the particular date of the chosen offense, as the time of the offense is often immaterial. Shelton, 851 S.W.2d at 137. Any description that will identify the chosen offense will suffice. Id. at 138. In the case at bar the state at the suggestion of the trial court elected particular dates.

The election of particular dates satisfies the election requirement and would ordinarily present no problem. However, the offense must be proven in accordance with the election, i.e., to have occurred on that date. If a jury is allowed to convict without specific evidence supporting the election, then the election is superficial and meaningless. Accordingly, while we find that the state's election was, in form, sufficient, we must determine whether the offenses as elected were supported by the evidence.

When considering the sufficiency of evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See e.g., State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). Proof of the specific date of an offense is not, of course, a statutory element of an offense. Rather, the identification of, and distinction among, alleged

---

[2]If the jury only intended to confirm that the appellant committed an offense each month, then this would be an election/unanimity concern; if, however, the jury found, as the verdicts indicate, that the offenses occurred on the fifteenth of each month, then this is a sufficiency problem. We will presume that the verdicts mean what they say.

6

incidents in multiple sex offense cases is required primarily to ensure unanimity of a verdict.

Thus, with regard to the election of offenses, the standard for sufficiency of the evidence applies to the designation of offenses as though it were an element of the offenses. Not only must the state's election identify and distinguish offenses sufficiently to allow the trier of fact to render discrete and unanimous verdicts on each, the state must obviously support this election with evidence sufficient for a reasonable trier of fact to find that the offenses occurred as elected beyond a reasonable doubt. In the present case, because the state made no attempt to prove that the offenses actually occurred on the fifteenth of each month as was elected, this standard has not been met.

Looking at the evidence in a light most favorable to the state, the victim's testimony does not establish sexual misconduct on the fifteenth of each month. Although the victim testified that the sexual misconduct occurred almost daily, she stated it did not occur on days when her parents were home or on days during her menstrual cycle. There was no proof as to whether her parents were home or whether she was in her menstrual cycle on the fifteenth of any given month. Thus, one must speculate to determine if sexual misconduct occurred on the fifteenth of any given month. Although the jury could have concluded, and obviously did conclude, that the victim was violated one or more times each month, it could not conclude that a violation took place on the fifteenth of any given month as elected by the state.

The state was correct when it initially conceded that it could not proceed on these non-specific counts. Although the designation of the fifteenth of each month was an election, the proof does not support the election.


## CONCLUSION


We, therefore, reverse and dismiss the appellant's convictions as to counts 1 through 10, 12, 13, 93 through 102, 104, and 105; the judgment of conviction on

count 91 is vacated;  and the judgments convicting the appellant of counts 11, 92, 103, and 106 are affirmed.  We remand for resentencing in light of these reversals.


_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____(Not Participating)_____
**PAUL G. SUMMERS, JUDGE**


_____
**JOSEPH M. TIPTON, JUDGE**