IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

# STATE OF TENNESSEE v. EDDIE HOWARD PITTMAN

**Direct Appeal from the Criminal Court for Madison County**
**No. 00-415    Roger A. Page, Judge**

**No. W2000-01582-CCA-R3-CD - Filed September 7, 2001**

The defendant appeals his convictions for attempted second degree murder and felony possession of a weapon, arguing that he was denied his right to a unanimous jury verdict by the trial court's failure to require the prosecution to make an election of facts supporting the attempted murder. After a thorough review of the record, we conclude that neither an election nor enhanced unanimity instruction was required. Thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender (at trial and on appeal); Michael D. Rasnake, Assistant District Public Defender (at trial and on appeal); and C. Michael Robbins, Memphis, Tennessee (on appeal), for the appellant, Eddie Howard Pittman.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The state's proof at trial revealed that on May 20, 1999, Gregory Luster and his wife, Becky Luster, returned home and noticed that the front door to their home was open. Gregory Luster walked up the front steps and saw the defendant in the house. The defendant, who was the former boyfriend of Becky Luster, walked out of the house carrying a pistol and said, "Man, what are you doing marrying my woman? You know that's my woman." He pointed the gun at Luster's head and pulled the trigger. The weapon made a noise, but did not fire. Luster ran toward the defendant, and the men wrestled for the gun. Then Luster broke free and dove through the front door of his home

as the defendant fired a shot through the door. The bullet missed Luster, striking a wall inside the home.

The defendant denied the incident occurred and testified he did not see the victim on that day.

The defendant argues the state's proof established that the defendant committed two separate and distinct acts; namely, (1) pointing the pistol at Luster when the gun misfired, and (2) firing the weapon through the door as Luster entered the house. He claims each act could form the basis for the jury's finding of guilt as to attempted second degree murder; therefore, the trial court erred in not requiring the state to elect which act it was relying upon in seeking a conviction for attempted murder.

## WAIVER

The record before this court does not specifically reflect that the defendant moved the trial court for such an election at trial; thus, the state contends this issue is waived. However, the trial court stated at the hearing on the motion for new trial that the defendant made such a request before the case was submitted to the jury. Even if the defendant had failed to request an election, the issue is properly before this court. It is the responsibility of the prosecution and the trial court to ensure that an election of offenses is made where necessary, and failure to do so is plain error. State v. Kendrick, 38 S.W.3d 566, 569 (Tenn. 2001).

## ELECTION AND ENHANCED UNANIMITY INSTRUCTION

The doctrine of election requires the state to elect a set of facts when it has charged a defendant with one offense, but there is evidence of multiple offenses. State v. Brown, 992 S.W.2d 389, 391 (Tenn. 1999). This doctrine is applied to ensure that the defendant can prepare for the specific charge, to protect the defendant from double jeopardy, and to ensure that some jurors do not convict on one offense and other jurors on another. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). Issues of jury unanimity usually arise where the state presents evidence showing more than one criminal offense, but the underlying charging instrument lacks specificity as to the offense for which the accused is being tried. State v. Brown, 762 S.W.2d 135, 136-37 (Tenn. 1988). When the evidence does not establish that multiple offenses were committed, the need for election never arises. State v. Adams, 24 S.W.3d 289, 294 (Tenn. 2000).

There may also be times when a single offense is charged, but there is evidence of different acts with each act being sufficient to support a conviction for the charged offense. Recently, our supreme court has ruled that there is no requirement for an election nor enhanced unanimity instruction as to facts supporting a particular element of the crime; provided, the jury agrees that the defendant is guilty of the crime charged. State v. Johnson, ___ S.W.3d ___, ___, slip. op. at 6 (Tenn. filed August 22, 2001, at Nashville); *see also* Adams, 24 S.W.3d at 297.

## MULTIPLE OFFENSES V. SINGLE OFFENSE

The key issue in this case is whether the proof submitted to the jury established more than one criminal offense or act such that either the state was required to make an election, or the trial court was required to augment the general unanimity instruction.

In State v. Pelayo, 881 S.W.2d 7 (Tenn. Crim. App. 1994), the defendant stabbed the victim, the victim fled, and the defendant stabbed her again. This court reasoned that the victim's attempt to escape did not divide the assaults into multiple crimes. *Id.* at 13. While the assaults were separated by time and place, they "coalesced into an 'unmistakable single act.'" *Id.* Likewise, in the instant case, the misfiring of the weapon and the victim's momentary escape from the defendant did not divide the defendant's attempts to shoot the victim into separate offenses. Rather, the misfire and the actual shot fired at the victim were part of a single offense.

We conclude this case is controlled by the recent supreme court opinion in Johnson, *supra.* In Johnson the defendant was convicted of sexual battery, and the evidence established that he unlawfully touched the victim both on her breast and between her legs. The court found only one offense was committed; there was no need for an election; and there was no requirement for an enhanced unanimity instruction. Johnson, ___ S.W.3d at ___, slip. op. at 8. In its opinion the court cited Pelayo, noting that a defendant in an assault case could not be convicted of multiple offenses for each blow struck where the entire assault occurs in a matter of minutes. *Id.* at ___, slip op. at 7.

In the case at bar, the misfire and the subsequent firing of the weapon occurred within moments of each other, were part of a continuous assault, and constituted but one offense of attempted murder. These two acts related to the element of the offense requiring that the defendant act with the intent to commit murder. *See* Tenn. Code Ann. § 39-12-101(a). Thus, no election nor enhanced unanimity instruction was required.

For these reasons, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE