IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2008

## STATE OF TENNESSEE v. RICHARD BURTON

**Direct Appeal from the Circuit Court for Gibson County**
**No. 17644     Clayburn Peeples, Judge**

---

**No. W2007-02364-CCA-R3-CD  - Filed July 9, 2008**

---

The defendant, Richard Burton, was convicted of one count of introducing contraband into a penal institution. On appeal, he argues that he was erroneously convicted of an offense for which he was not indicted. In addition, the defendant argues that the trial court's interpretation of the statute resulted in a duplicitous indictment and the trial court's jury charge prevented a unanimous jury verdict. Following our review of the parties' briefs, the record, and the applicable law, we reverse the judgment of the trial court, vacate the conviction and dismiss the charges against the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and
Dismissed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA
MCGEE OGLE, JJ., joined.

Tom W. Crider, Trenton, Tennessee, for the appellant, Richard Burton.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; Edward L. Hardister and Harold E. Dorsey, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I. BACKGROUND

The defendant was indicted on two counts of taking, sending, or causing contraband to be taken into a penal institution. Proof at trial established that the defendant was an inmate at the Gibson County Correctional Complex when jail staff conducted a routine search of the defendant's jail cell, and discovered a steel "shank" or knife taped to the underside of a basket belonging to the defendant. In addition, jail staff discovered five amoxicillin pills under the defendant's bunk. The defendant claimed that the shank was only used to heat sandwich meat and could not be used as a weapon. He also submitted that the amoxicillin pills had been given to him by his former cellmate.

The defendant was indicted by the Gibson County Grand Jury for two counts of introduction of contraband into a penal institution pursuant to Tennessee Code Annotated section 39-16-201. The defendant was not indicted for possession of either the shank or the pills. At trial, the trial court judge found that the indicted offense of introduction of contraband in section 39-16-201(b)(1) included possession of contraband and therefore charged the jury on the elements of possession. The defendant was convicted of one count of introduction of contraband into a penal institution based on his possession of the shank.

## II. ANALYSIS

The defendant argues that he was convicted of an offense for which he was not indicted. In addition, the defendant argues that the trial court's interpretation of Tennessee Code Annotated 39-16-201(b)(1) effectively resulted in a duplicitous indictment. Finally, the defendant contends that the trial court erred by instructing the jury on the elements of possession of contraband and thereby prevented the jury from reaching a unanimous verdict.

The defendant was charged with the introduction of contraband. In pertinent part, the indictment reads: "[the defendant] did unlawfully and knowingly take, send or otherwise cause to be taken into the County Jail, where prisoners are quartered or under custodial supervision, a steel shank, in violation of T.C.A. 39-16-201." Tennessee Code Annotated section 39-16-201 provides in relevant part:

(b) It is unlawful for any person to:

(1) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances found in chapter 17, part 4 of this title;

(2) Knowingly possess any of the materials prohibited in subdivision (a)(1) while present in any penal institution where prisoners are quartered or under custodial supervision without the express written consent of the chief administrator of the institution; or

(3) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any telecommunication device.

(c) A violation of subdivision (b)(1) or (b)(2) is a Class C felony. A violation of subdivision (b)(3) is a Class E felony.

Tenn. Code Ann. § 39-16-201(b), (c). The statute distinguishes between three separate offenses, each with a specified penalty. This court has previously determined that where a defendant only

2

transferred contraband from one point inside the jail to another point inside the jail, he could not also be convicted of introduction of contraband. *See State v. Hicks*, 835 S.W.2d 32, 38 (Tenn. Crim. App. 1992).

The state concedes that the defendant was indicted under one provision of the statute and erroneously convicted under a separate provision of the statute. The state further concedes that the evidence offered at trial demonstrated only that the defendant had possession of the contraband. No proof was offered to show that the defendant introduced the contraband into the jail. In conceding the error occurring in this case, the state cites to the *State v. Goodson*, 77 S.W.3d 240 (Tenn. Crim. App. 2001). In *Goodson*, the defendant was indicted for driving on a revoked driver's license pursuant Tennessee Code Annotated § 55-50-504, which expressly prohibited driving on a license which was suspended, revoked or canceled. *Id*. However, in *Goodson*, the defendant was convicted of driving on a suspended license, not a revoked license, the offense for which he was indicted. *Id*. at 244. This court concluded in *Goodson* that "revocation" and "suspension" had legally distinct meanings and that the indictment could not be broadened to include the other term without the action of the grand jury. *Id*.

Similarly, in the instant case, the defendant was indicted under Tennessee Code Annotated section 39-16-201(b)(1) for introduction of contraband into the jail. However, the evidence only established that the defendant possessed contraband in the jail. It is abundantly clear that the state failed to prove that the defendant introduced contraband into the jail pursuant to the indictment. Therefore, we determine that the proof at trial was insufficient because it varied fatally from the offense alleged in the indictment. Accordingly, the trial court erred by not acquitting the defendant of the charged offense of introducing contraband into a penal institution.

The state also concedes that the defendant is correct with regard to two other issues raised on appeal. First, the state acknowledges the trial court erred in its erroneous interpretation of the statute which resulted in a "duplicitous indictment" charging the defendant with two crimes in one count. Specifically, the trial court stated that possession of the contraband was necessary and inherent to the introduction of contraband. The trial court stated:

> I don't believe it's fatal. . . . I think an Appellate Court looking at this would say that he has not been treated unfairly in terms of standing trial on these charges and I think they would say that in view of the way the statute is drafted, that giving the [possession] instruction as I am going to give, is the appropriate thing to do.

Subsequently, the trial court seemed to recognize that the offenses enumerated in the subsections of Tennessee Code Annotated section 39-16-201 were separate and distinct:

> The statute in question, 16-201 very clearly says it's unlawful to do one or the other. . . . One statute makes two different things. Actually, three different things; sending, taking or possessing and it says in Sub-Section C a violation of B1 or B2 is a Class C Felony. A violation of B3 is a Class E felony, very clearly contemplating that these

3

are separate crimes and your indictment doesn't really make it - or maybe it does make it clear. Your indictment seems to indicate that you're charging on the first crime, B1 as opposed to B2 or B3.

Nonetheless, it appears from the record that the trial court was not persuaded by its own analysis, and permitted the state to present evidence of the defendant's possession of the contraband in question. While the state was able to prove that the defendant possessed contraband, it failed to offer any evidence that the defendant introduced contraband into the jail. The defendant moved for a judgment of acquittal at the conclusion of the state's proof, and again later at the conclusion of defense proof, before the case was submitted to the jury. The defendant's motions were denied.

Based upon our review of the record, it appears that the trial court's determination that possession was implicitly contained in the charged offense resulted in a duplicitous indictment. A defendant may not be charged with two or more distinct and separate offenses in a single-count indictment. *See State v. Angela E. Isabell*, No. M2002-00584-CCA-R3-CD, 2003 WL 21486982 (Tenn. Crim. App. at Nashville, June 27, 2003); *see also State v. Jefferson*, 529 S.W.2d 674, 678 (Tenn. 1973). Furthermore, "all crimes arising from the same incident that are not lesser included offenses of another crime charged in the indictment must be charged in separate counts." *State v. Gilliam*, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995). There are multiple dangers to a duplicitous indictment which must be avoided, including, "(1) failure to give the defendant adequate notice of the charges against him; (2) exposure of the defendant to the possibility of double jeopardy; and (3) conviction of the defendant by less than a unanimous jury verdict." *State v. Michael Burnette*, No. E2005-00002-CCA-R3-CD, 2006 WL 721306 at *3 (Tenn. Crim. App. at Knoxville, Mar. 22, 2006) *perm. app. denied* (Tenn. Sept. 5, 2006). We conclude that the trial court was correct when it stated that introduction and possession were separate offenses under the statute and carried separate penalties. However, the trial court erred by allowing the defendant's trial to proceed based on a presumption that possession was inherent in the indicted offense, when it was in fact, a separate, indictable offense.

Third and finally, the state concedes that the trial court's instruction to the jury prevented it from reaching a unanimous verdict because it was unknown whether the jury's conviction was based upon the introduction of contraband as charged, or based upon an impermissible inference of possession. A defendant is constitutionally entitled to a unanimous verdict before a conviction for a criminal offense may be imposed. *State v. Shelton,* 851 S.W.2d 134, 137 (Tenn. Crim. App. 1993); *see also State v. Brown*, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991). "A defendant's right to a unanimous verdict before conviction requires the trial court to take precautions to ensure that the jury deliberates over the particular charged offense, instead of creating a 'patchwork verdict' based on different offenses in evidence." *Shelton,* 851 S.W.2d at 137 (internal citations omitted).

As both the state and the defendant point out, the trial court's instruction on possession, created the obstacle to verdict unanimity identified in *Shelton*. Therefore, we conclude that trial court erred by instructing the jury on possession as the instruction prevented the jury from reaching

4

a unanimous verdict. Accordingly, based on the aforementioned analysis, the defendant's conviction is reversed and dismissed.[1]

## CONCLUSION

For the aforementioned reasons, the judgment of the trial court is reversed and the case is dismissed.

_____
J.C. McLIN, JUDGE

---

[1] We note that the defendant also argues that the evidence does not show that the shank discovered in the defendant's possession was used as a weapon, and therefore, the evidence was insufficient to sustain his conviction. We decline to address the argument because we have already reversed and dismissed the defendant's conviction on other grounds.