IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

February 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. No. 03C01-9612-CC-00462 |
| | * | |
| Appellee, | * | JEFFERSON COUNTY |
| | * | |
| VS. | * | Hon. William R. Holt, Jr., Judge |
| | * | |
| WILLIAM DEARRY, | * | (Rape of a Child) |
| | * | |
| Appellant. | * | |

CONCURRING OPINION

I concur in the results reached by the majority but differ in the analysis on the election issue. Jury unanimity, as constitutionally mandated, requires the state to elect, at the close of its case in chief, which proof it relies upon for a conviction where evidence of many instances of sexual misconduct are presented to the jury. Jamison v. State, 94 S.W. 675 (Tenn. 1906); Burlison v. State, 501 S.W.2d 801, 803 (Tenn. 1973); State v. Shelton, 851 S.W.2d 134, 136 (Tenn. 1993).

In my view, closing argument by the state cannot serve as a substitute for election. In Shelton, the indictment charged unlawful sexual penetration of one victim and unlawful sexual contact of two other victims. The supreme court found the failure to elect was erroneous; however, "[a]s to one count, the error was harmless, because the proof establishes a single incident, thereby obviating the necessity of an election by the prosecutor." Id. More specifically, one of three victims testified to a single instance of partial intercourse; only one indictment charged aggravated rape. The jury returned a guilty verdict only as to one count of aggravated rape for that victim. The court concluded that the "jurors must have considered the evidence of this particular incident in convicting the defendant ...

[and] therefore, the Burlison error ... was harmless beyond a reasonable doubt ...." Id. at 138.

While in this case the state failed to elect in the appropriate manner, the failure was harmless in my view. First, the victim's testimony about oral penetration was corroborated by the defendant's confession; the proof was strong as to fellatio. Second, the proof of unlawful touching of the victim's private parts by the defendant could not have resulted in a conviction for rape of a child, because no penetration was established. Third, the proof of digital and penile penetration of the victim was insufficient to support a conviction for rape of a child. The victim first testified that vaginal penetration had occurred; then she testified that it had not. When a single witness affirms then denies a fact, absent explanation, it is considered unproven. See Hughes v. State, 588 S.W.2d 296, 301 (Tenn. 1979); Taylor v. Nashville Banner Pub. Co., 573 S.W.2d 476, 482 (Tenn. Ct. App. 1978). In Johnston v. Cincinnati N.O. & T.P. Ry. Co., 240 S.W. 429, 436 (Tenn. 1921), our supreme court stated as follows:

> The question here is not one of the credibility of a witness or of the weight of evidence; but it is whether there is any evidence at all to prove the fact. If two witnesses contradict each other, there is proof on both sides, and it is for the jury to say where the truth lies. But if the proof of the fact lies wholly with one witness, and he both affirms and denies it, and there is no explanation, it cannot stand otherwise than unproven. For his testimony to prove it is no stronger than his testimony to disprove it, and it would be mere caprice in a jury upon such evidence to decide it either way.

Finally, the physician who examined the victim testified that no physical evidence of penetration existed. Thus, the jury could not rationally have considered any incident of penetration other than the one incident of oral penetration. Therefore, although election should have been made, the failure to do so is harmless. Jury unanimity was not compromised in this instance.

_____

Gary R. Wade, Judge