IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 13, 2016

**STATE OF TENNESSEE v. ALLAN WAYNE BRADBERRY**

**Appeal from the Circuit Court for Humphreys County**
**Nos. 12912, 12855  Suzanne Lockert-Mash, Judge**

_____

**No. M2016-00501-CCA-R3-CD**

_____

The defendant, Allan Wayne Bradberry, was convicted of twenty-five counts of especially aggravated sexual exploitation of a minor, Tenn. Code Ann. § 39-17-1005, three counts of statutory rape by an authority figure, Tenn. Code Ann. § 39-13-532, one count of sexual exploitation of a minor, Tenn. Code Ann. § 39-17-1003, one count of rape, Tenn. Code Ann. § 39-13-503, and three counts of incest, Tenn. Code Ann. § 39-15-302.  On appeal, the defendant argues the trial court failed to require the State to elect the offenses upon which it sought to convict the defendant.  The defendant also argues the trial court's imposition of partial consecutive sentencing resulted in an excessive, eighty-four-year sentence.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Allan Wayne Bradberry.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Ray Crouch, District Attorney General; and Joseph Hornick and Jennifer Stribling, Assistant District Attorney Generals, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In July 2013, the defendant committed numerous sexual crimes against his daughter, the minor victim. At trial, the State pursued twenty-five counts of especially aggravated sexual exploitation of a minor, three counts of statutory rape by an authority figure, three counts of incest, one count of sexual exploitation of a minor, and one count of rape against the defendant.

The evidence produced at trial revealed the sexual relationship between the defendant and the victim began during a custodial visit in July 2013. At the time, the victim was thirteen years old and the defendant lived in a trailer located in Humphreys County. The victim testified that during the July visits, she began having sex with the defendant, her father. Additionally, the defendant took sexually explicit pictures and videos of her with his cell phone which he later downloaded onto his computer. The victim identified twenty-four images and two videos depicting her engaged in sexual activity either alone or with the defendant in his trailer. In reviewing each image, the victim identified specific items that were familiar to her. These identifiers included her fingernail polish, a pink tank top, a blue tank top, a pair of her underwear, a scar and birthmark on her body, the defendant's pillows and bedsheets which were "beige with, like, green striping and diamonds on it," and the defendant's genitals.

The victim also testified about a specific instance where the defendant forced her into having anal intercourse during a July 2013 visit. She explained the defendant pushed her against a wall in his trailer and penetrated her. Further, the victim explained, "I screamed at him for him to stop, and he didn't there for probably 30 seconds."

The victim disclosed her sexual relationship with the defendant to a friend, which ultimately led to a criminal investigation by Captain Clay Anderson of the Humphreys County Sheriff's Department. During the investigation, Captain Anderson learned that photographic evidence of the sexual allegations against the defendant might exist and, based on this information, obtained a search warrant for the defendant's trailer. The search of the trailer uncovered two laptop computers, a tower computer, four cell phones, nine DVDs, and a webcam.

Subsequent to the search, Detective Scott Levasseur, an expert in computer forensics, performed a forensic exam of the defendant's computers. The forensic exam revealed that one of the defendant's laptops contained twenty-four sexual images and two videos of the victim which were taken from an LG cell phone in July 2013 and downloaded to the defendant's computer in August 2013. Detective Levasseur explained the LG cell phone that captured the images "would give the file name as a date stamp . . . and then a sequential number." Each image and video was also embedded with either

metadata or EXIF data[1] which further identified the date and time that each image was taken and the device that captured the image. Relying on either EXIF or metadata, Detective Levasseur identified twenty-four sexually explicit images and two videos of the victim that were taken at different times on July 1, 2, 3, 7, 26, and 29, 2013.

During the investigation the defendant signed a sworn statement in which he admitted to having sex with the victim and to taking pictures of her. However, in his statement, the defendant claimed all of the sexual activity was initiated by his daughter, the thirteen-year-old victim.

At the close of the State's proof, the defendant made a motion to require the State to elect the offenses charged against him. The trial court denied the motion and the defense proceeded with its proof, including the testimony of the defendant. The defendant denied all of the allegations against him and claimed the victim was lying. Specifically, the defendant denied having sexual relations with the victim. He also denied taking photographs of the victim and stated he did not know how the images got on his computer. The defendant denied reading and signing the sworn statement, though he admitted to giving a statement.

Despite the defendant's testimony, the jury convicted the defendant of twenty-five counts of especially aggravated sexual exploitation of a minor and one count of rape, Class B felonies, three counts of statutory rape by an authority figure and three counts of incest, Class C felonies, and one count of sexual exploitation of a minor, a Class D felony. The trial court sentenced the defendant as a Range I standard offender to twelve years for each Class B felony conviction, six years for each Class C felony conviction, and four years for the Class D felony conviction. The trial court grouped the convictions for especially aggravated sexual exploitation of a minor by date and imposed concurrent sentences within each group. The trial court then ran the sentences for each group of especially aggravated sexual exploitation of a minor convictions consecutively to one another. The trial court imposed partial consecutive sentencing to the remaining convictions which resulted in an effective eighty-four-year sentence to be served in confinement.

## ANALYSIS

On appeal, the defendant argues the trial court erred in failing to require the State to elect which offense it was prosecuting under each count of the indictment. The defendant argues because several offenses were alleged to have occurred on the same

---

[1]EXIF stands for Exchangeable Image File, a format that is used for storing interchange information in digital photography image files.

date, "there remains a potential for a non-unanimous verdict as to the acts occurring on one date." The defendant also argues the trial court's imposition of partial consecutive sentencing resulted in an eighty-four-year sentence that was "greater than deserved." The State contends it properly elected the offenses charged against the defendant and that no error exists as to the trial court's imposition of consecutive sentencing. After our review, we affirm the judgments of the trial court.

In Tennessee, a defendant is entitled to a unanimous jury verdict. *State v. Brown*, 992 S.W.2d 389, 391 (Tenn. 1999) (citing *State v. Shelton*, 851 S.W.2d 134, 137 (Tenn. 1993); *Tidwell v. State*, 922 S.W.2d 497, 501 (Tenn. 1996)). Therefore, "when the evidence indicates the defendant has committed multiple offenses against a victim, the prosecution must elect the particular offense as charged in the indictment for which the conviction is sought." *Brown*, 992 S.W.2d at 391 (citations omitted). "Although the defendant may demand that the state elect between factual occurrences in an indictment, the state is not required to elect between separate charges in the same indictment." *State v. Porter*, No. 02C01-9610-CC-00364, 1997 WL 630000, at *2 (Tenn. Crim. App. Oct. 14, 1997) (citing *State v. Henley,* 774 S.W.2d 908, 916 (Tenn. 1989); *see also* Raybin, *Criminal Practice and Procedure,* § 26.82 (1985)). Rather, only where evidence of unindicted offenses is introduced at trial is it the trial court's duty "to require the State, at the close of its proof-in-chief, to elect the particular offense . . . upon which it would rely for conviction, and to properly instruct the jury so that the verdict of every juror would be united on the one offense." *Burlison v. State*, 501 S.W.2d 801, 804 (Tenn. 1973). The election requirement ensures that "jurors deliberate over and render a verdict based on the same offense." *Brown*, 992 S.W.2d at 391.

Here, the record indicates there was no requirement for the State to make an election despite the defendant's motion at the close of the State's proof requesting the State do so. The record indicates the victim testified she had sex with the defendant throughout July 2013 and that the defendant forced her to have anal intercourse with him in July 2013. She identified twenty-four images and two videos showing her engaged in sexual activity either alone or with the defendant in his trailer. The victim identified each image by testifying to unique details seen in the images, such as her fingernail polish, her clothing, a scar and birthmark on her body, the defendant's green and beige bedsheets, and the defendant's genitals. Though the victim was unable to articulate the exact dates the images and videos were taken, the State provided evidence from Detective Levasseur who identified the missing information. Detective Levasseur provided the date, time, and the device that captured each image upon which the jury relied in convicting the defendant.

In its closing argument, for each offense, the State specifically identified the count in the indictment it was pursuing, the image it relied on for the conviction, the testimony

of the victim identifying the image, and the expert testimony of Detective Levasseur pinpointing the date and time each image was taken. For example, the State identified that it sought a conviction of especially aggravated sexual exploitation of a minor for Count 1 of Docket No. 12855. The State explained to the jury that Count 1 was supported by evidence of a sexually explicit image of the victim labeled Exhibit 1, testimony of the victim indicating the image was of her, and testimony from Detective Levasseur noting the image was taken on the defendant's cell phone on July 1, 2013.

In total, the State reviewed twenty-six exhibits depicting sexually explicit images of the victim which supported the defendant's thirty-three convictions.[2] Specifically, the evidence supported convictions for eight counts of especially aggravated sexual exploitation of a minor for acts that occurred on July 1, 2013. The evidence supported convictions for two counts of especially aggravated sexual exploitation of a minor, one count of statutory rape by an authority figure, and one count of incest for acts occurring on July 2, 2013. Evidence of the defendant's acts occurring on July 3, 2013 supported convictions for three counts of especially aggravated sexual exploitation of a minor. Based on evidence of his acts of July 7, 2013, the defendant was convicted of two counts of especially aggravated sexual exploitation of a minor, one count of statutory rape by an authority figure, and one count of incest. For the acts occurring on July 26, 2013, as seen in the evidence, the defendant was convicted of seven counts of especially aggravated sexual exploitation of a minor, one count of statutory rape by an authority figure, and one count of incest. Finally, based upon the evidence the defendant was convicted of three counts of especially aggravated sexual exploitation of a minor for acts that occurred on July 29, 2013.

As such, based upon our review of the record, we conclude no evidence of unindicted offenses was offered at trial. The State offered proof of separate offenses upon which it sought convictions against the defendant by connecting each indicted offense to a sexually explicit image of the victim which was identified by testimonial evidence from the victim and Detective Levasseur. Accordingly, this issue is without merit and the defendant is not entitled to any relief.

Furthermore, "[t]his Court has previously determined that a trial court's failure to properly instruct the jury about the State's election may be harmless 'where the prosecutor provides during closing argument an effective substitute for the missing instruction.'" *State v. Watt*, No. M2012-01487-CCA-R3CD, 2014 WL 97291, at *15 (Tenn. Crim. App. Jan. 10, 2014) (citing *State v. Adrain Keith Washington,* No. M2008–

---

[2]In Counts 28 and 29 of Docket No. 12912, the defendant was charged with and convicted of one count of sexual exploitation of a minor and one count of rape. Accordingly, these convictions are not at issue on appeal.

01870–CCA–R3–CD, 2010 WL 653008, at *6 (Tenn. Crim. App. Feb. 24, 2010) (quoting *State v. William Darryn Busby,* No. M2004–00925–CCA–R3–CD, 2005 WL 711904, at *6 (Tenn. Crim. App., Mar. 29, 2005)); *see also State v. James Arthur Kimbrell,* No. M2000–02925–CCA–R3–CD, 2003 WL 1877094, at *23 (Tenn. Crim. App., Apr. 15, 2003)); *State v. Michael J. McCann,* No. M2000–2990–CCA–R3–CD, 2001 WL 1246383, at *5 (Tenn. Crim. App., Oct. 17, 2001), *perm. app. denied* (Tenn. Apr. 1, 2002); *State v. William Dearry,* No. 03C01–9612–CC–00462, 1998 WL 47946, at *13 (Tenn. Crim. App., Feb. 6, 1998), *perm. app. denied* (Tenn. Jan. 19, 1999)), *perm. app. denied* (Tenn. Aug. 26, 2010)).  The record indicates the State's closing argument effectively cured any alleged error of the trial court regarding election.  Again, this issue is without merit.

Next, we review the defendant's allegation that the trial court erred in ordering portions of his sentences to be served consecutively.  Though the defendant concedes in his brief that the trial court properly imposed consecutive sentencing, he takes issue with the aggregate effect of the imposed sentences resulting in an eighty-four-year prison term.  The defendant argues the effective eighty-four-year sentence was "greater than deserved for the offenses" and was not "the least severe measure necessary to achieve the purposes for which the sentence [was] imposed." Tenn. Code Ann. § 40-35-103(4).  We disagree.

This Court reviews within-range sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness.  *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012).  The party appealing a sentence bears the burden of establishing that the sentence was improper.  Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts.  Further, in order to comply with the Sentencing Act, the trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence.  Tenn. Code Ann. § 40–35–210(e); *Bise,* 380 S.W.3d at 705-06.  "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]."  *Bise,* 380 S.W.3d at 705-06. Thus, a sentence imposed by a trial court "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute."  *Id.* at 709-10.  ; *State v. Pollard*, 432 S.W.3d 851, 859-60 (Tenn. 2013) (applying the abuse of discretion standard with a presumption of reasonableness to consecutive sentencing).

It is well settled that the trial court "may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the statutory criteria exists." *State v. Black*, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).  Here, the court found two statutory criteria existed in the record to warrant consecutive sentencing.  Specifically, the court found "[t]he defendant is an offender whose record of criminal activity is

extensive" and "[t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor." Tenn. Code Ann. § 40-35-115 (b)(2), (b)(5). Both criteria are explicit in the record and support the trial court's consecutive sentencing as to the defendant's convictions.

Further, however, the defendant has failed to show the trial court abused its discretion by imposing partial consecutive sentencing. The record shows the defendant was convicted of thirty-three sexual crimes against his minor daughter which occurred on six different days in July 2013. The trial court limited the defendant's exposure by grouping the convictions for especially aggravated sexual exploitation of a minor by date of offense. The trial court ran the sentences for convictions occurring on the same date concurrently to one another, while running the offenses occurring on different dates consecutively to one another. The court then imposed partial consecutive sentences to the remaining convictions. In doing so, the trial court greatly limited the defendant's potential sentence as the trial court could have imposed consecutive sentencing for each of the thirty-three convictions.[3] Tenn. Code Ann. § 40-35-115 (b)(2), (b)(5); *Black*, 924 S.W.2d at 917. Accordingly, we conclude the trial court did not abuse its discretion in imposing partial, consecutive sentencing for the convicted offenses and the defendant is not entitled to relief as to this issue. Tenn. Code Ann. § 40-35-115.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE

_____

[3]According to the State's calculations at the sentencing hearing, the defendant faced a potential maximum sentence of 358 years.