# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



**FILED**

**December 17, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) C.C.A. No. W1996-00022-CCA-R3-CD |
| | ) |
| | ) Shelby County |
| V. | ) |
| | ) Hon. Arthur T. Bennett, Presiding Judge |
| | ) |
| **ALFRED LEE MIDDLETON,** | ) (Aggravated Sexual Battery; Sexual Battery) |
| | ) |
| Appellant. | ) |

FOR THE DEFENDANT:

MARVIN E. BALLIN
MARK A. MESSLER
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
DEBORAH A. TULLIS
Assistant Attorneys General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

JENNIFER S. NICHOLS
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED IN PART, REVERSED IN PART**

JOHN EVERETT WILLIAMS, JUDGE

# O P I N I O N

On November 29, 1994, the Shelby County Grand Jury indicted the

defendant, Alfred Lee Middleton, for rape of a child and for rape. After a jury trial

on November 14–17, 1995, the defendant was convicted of aggravated sexual battery and sexual battery.  The defendant was sentenced to twelve years for the aggravated sexual battery conviction and to two years for the sexual battery conviction, with the sentences to be served concurrently.  The defendant challenges his convictions, raising the following issues:

> 1) whether the indictments were defective because they failed to allege the required mental state for the offenses;
>
> 2) whether the trial court erred when it failed to sever the trials for the two charged offenses;
>
> 3) whether the evidence was sufficient to support the defendant's convictions;
>
> 4) whether the trial court erred when it instructed the jury on the lesser offenses of rape of a child and rape; and
>
> 5) whether the state made a proper election of offenses in this case.

After a review of the record, we affirm the defendant's conviction for aggravated sexual battery,  and we reverse the defendant's conviction for sexual battery and remand this case for a new trial on that charge.


## I.  BACKGROUND

The victim testified that she was born on May 10, 1981.  On December 18, 1993, the victim arrived in Memphis, Tennessee, from her mother's California residence, to live with her father, the defendant.  However, she stayed at her paternal grandfather's residence for approximately two weeks, while the defendant sought furniture for her room.

The victim testified that after approximately two weeks at her grandfather's residence she moved in with the defendant.  The furniture for her room had not arrived, and on the first night that she stayed with the defendant she lay on a sleeping bag while the defendant lay in bed.  Later that night, the defendant invited the victim to "jump in bed" with him.  After asking the victim if she knew what a clitoris was, the defendant put his finger between her legs and, moving her undergarment to one side, massaged her private parts.  Shortly thereafter, the defendant performed oral sex on the victim and massaged her breasts.

The victim testified that on a subsequent night, the defendant invited her into his bedroom to watch a pornographic movie.  The defendant then asked the

victim to remove her shirt and to hold his penis. The victim followed the defendant's instructions, removed her shirt, and held the defendant's penis. The victim also testified that sometime after this event, but before Christmas of 1993, the defendant lay on top of her and licked between her legs.

The victim testified that after Christmas of 1993, another incident occurred during which she held the defendant's penis while he licked between her legs. Although the defendant made several attempts to put his penis in the victim's mouth, she pushed his penis away from her mouth.

The victim testified that another incident occurred after she started school in January of 1994. During this incident, the defendant attempted to penetrate the victim's vagina with his penis, but he stopped after the victim told him that it hurt. The defendant then placed the victim on her stomach, with her knees drawn to her chest. He told her that he wanted her to recognize the feel of penetration with a condom. She saw him put a condom on his penis, and he anally penetrated her. He asked her how the penetration felt, and she answered that it felt like a condom. He retracted his penis, removed the condom, and again anally penetrated her. He again asked her how the penetration felt, and she responded that it felt like he was not wearing a condom. He told her that he was glad that she knew the difference. He then turned off the lamp and continued sodomizing her. This event occurred when she was twelve years old.

The victim testified that one night after her birthday in 1994, the defendant became extremely angry about something she had done. The defendant then ordered the victim to come into his bedroom, and she became so frightened that she began shaking and crying. The defendant asked her whether he had "to tell [her] to do something more than once before [she did] it" and then ordered her to fellate him. She complied, hoping to avoid a "whooping." She testified that after completing the act she was not beaten.

The victim testified that on a subsequent occasion the defendant was dissatisfied with her cleaning of a floor at his residence. He ordered her to lay on his bed, and after he lifted her shirt and lowered her underpants, he whipped her with his belt. He then asked her whether he had "to tell [her] to do anything else

more than once." He then twice pointed to his penis. She understood that as an order to fellate him, but she refused.

On cross-examination, the defendant attacked the victim's credibility. The victim admitted that her testimony as to the dates of the earlier incidents was incorrect. Although she originally testified that the molestation began before Christmas of 1993, during her first two weeks in Memphis she stayed exclusively with her paternal grandfather, and therefore the first incident occurred after Christmas. The victim also admitted to writing fantasies, such as her being Janet Jackson, in a journal she kept while living in California. Further, the victim admitted that her testimony on direct examination included details she omitted in her earlier statement to a Department of Human Services employee. For example, in that statement she did not menton that the defendant performed oral sex on her the first night she stayed at the apartment. Finally, she admitted arguing with the defendant over such matters as his denying her permission for a trip to New Orleans and his forcing her participation in basketball and other programs.

Myra Tillis, a nurse clinician with the Memphis Sexual Assault Resource Center in 1994, testified regarding her examination of the victim in August of that year. Because over seventy-two hours had passed since the last alleged sexual encounter, Tillis did not seek semen specimens and similar evidence. Tillis observed redness in the genitalia, consistent with some type of irritation, rubbing, or penetration. She also observed an "old" (meaning at least seven days) laceration in the victim's hymen and a relatively recent laceration in the victim's anus. Tillis testified that both lacerations were consistent with penetration.

The defendant testified that no inappropriate touching or contact ever occurred. He testified that, because of disciplinary problems on at least two occasions, he struck the defendant with a belt as she lay across a bed with her pants pulled down but with her panties in place.

## II. SUFFICIENCY OF THE INDICTMENTS

The defendant alleges that his convictions are a "nullity" because the indictments in this case were insufficient to charge him with rape and rape of a child. The first indictment charges that:

> [the defendant] . . . did unlawfully and coercively, sexually penetrate [the victim] in violation of T.C.A. 39-13-503 . . . .

The second indictment charges that:

> [the defendant] . . . did unlawfully sexually penetrate [the victim], a child less than thirteen (13) years of age, in violation of T.C.A. 39-13-522 . . . .

The defendant contends that these indictments are insufficient because they fail to allege a culpable mental state.

In State v. Hill, 954 S.W.2d 725 (Tenn. 1997), the Tennessee Supreme Court held:

> that for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> (2) the form of the indictments meets the requirements of Tenn.Code Ann. § 40-13-202; and
> (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27. In addition, the supreme court held in Ruff v. State, 978 S.W.2d 95 (Tenn. 1998), that an indictment which includes a reference to the criminal statute that sets forth the mens rea is sufficient to give a defendant notice of the applicable mental state. Id. at 100. "Thus, where the constitutional and statutory requirements outlined in Hill are met, an indictment that cites the pertinent statute and uses its language will be sufficient to support a conviction." State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999) (quoting Ruff, 978 S.W.2d at 100).

In this case, both indictments referenced the appropriate statute. This reference provided notice to the defendant of the applicable mens rea, notice of the offense upon which to enter the judgment, and protection from subsequent prosecution on the same offense. Carter, 988 S.W.2d at 149, Ruff, 978 S.W.2d at 99; Hill, 954 S.W.2d at 726-27. Thus, the indictments in this case were clearly sufficient to charge the defendant with rape of a child and rape. The defendant is not entitled to relief on this issue.

### III. SEVERANCE

The defendant contends that the trial court erred when it failed to sever the trials for the two alleged offenses in this case.

Initially, we note no indication in the record that the defendant moved for a severance of the offenses before trial. Indeed, the defendant fails to identify any part of the record that contains a motion for severance and, in fact, the defendant does not specifically allege that he moved for a severance. Rule 14(a) of the Tennessee Rules of Criminal Procedure provides:

> A defendants' motion for severance of offenses . . . must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

Because the record indicates that the defendant failed to move for severance before trial, the defendant waived this issue.

Notwithstanding waiver, we conclude that the defendant is not entitled to relief even on the merits. Under Rule 8(b) of the Tennessee Rules of Criminal Procedure,

> Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses constitute parts of a common scheme or plan or if they are of the same or similar character.

In addition, Rule 14(b)(1) of the Tennessee Rules of Criminal Procedure provides:

> If two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others.

In this case, the two offenses charged in the indictment were clearly a part of a common scheme or plan of the defendant to sexually molest his daughter. The two charged offenses were of a similar nature; showed a similar modus operandi, motive, and intent; were of an ongoing nature; and were so related in circumstance that proof of one offense would have been admissible in a separate trial in order to establish commission of the other offense. Because the two charged offenses were part of a common scheme or plan, the defendant was not entitled to severance. See State v. Billy Wayne Hart, No. 3, 1988 WL 74606, at *3 (Tenn. Crim. App., Jackson, Oct. 3, 1988), perm. to appeal denied, (Tenn. 1988) (holding that trial court properly denied severance of several counts in which defendant was charged with sexually abusing his daughter in his home

over a period of several years).  The defendant is not entitled to relief on this issue.

## IV.  SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence was insufficient to support his convictions for aggravated sexual battery and sexual battery.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles.  A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State.  State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).  Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  Hence, on appeal, the burden of proof rests with the appellant to demonstrate the insufficiency of the convicting evidence.  Id.  On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom."  Id.  Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence.  State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996).  Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence."  State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

## A. Aggravated Sexual Battery

Under Tennessee law, "[a]gravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim" when "[t]he victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a)(4) (1997). In addition,

> "Sexual contact" includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification

Tenn. Code Ann. § 39-13-501(6) (1997).

The victim testified that when she was twelve years old, the defendant placed her on her stomach, put a condom on his penis, anally penetrated her, retracted his penis, removed the condom, and anally penetrated her again. Also, Tillis, the nurse clinician, testified regarding her observation of a healed anal laceration consistent with penetration.

The defendant argues that because the state's proof showed that sexual penetration had occurred and the defense's proof consisted of a denial that the incident ever happened, the jury's only choice was to either convict him of rape of a child or acquit him of the offense. Essentially the defendant claims that by rejecting the victim's testimony that sexual penetration had occurred, the jury necessarily rejected all of the victim's testimony and thus, the evidence was insufficient to support his conviction for aggravated sexual battery because there was no proof of any unlawful sexual contact.

This Court has previously rejected the identical argument that the defendant makes in this case. See State v. William Jewell, No. 02C01-9310-CR-00245 (Tenn. Crim. App. filed June 28, 1995, at Jackson), perm. to appeal denied, (Tenn. 1995). Indeed, this Court held that even though the victim had testified that anal penetration had occurred and the jury had acquitted the defendant of aggravated rape, that did not mean that the evidence was insufficient to support the conviction for the lesser offense of aggravated sexual battery. Id.. This Court stated that the jury could have found that the evidence of anal penetration was insufficient to support a conviction for aggravated rape and still found beyond a reasonable doubt that unlawful sexual contact had

occurred.  Id.  Similarly, the jury in this case could have found that the evidence of anal penetration was insufficient to support a conviction for rape of a child, and still found beyond a reasonable doubt that the defendant had had unlawful sexual contact with the victim for the purpose of sexual arousal or gratification. Thus, we conclude that when the evidence is viewed in the light most favorable to the state, the evidence was sufficient to support the conviction for aggravated sexual battery.  The defendant is not entitled to relief on this issue.

### B.  Sexual Battery

Under Tennessee law, "[s]exual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by . . . [f]orce or coercion."  Tenn. Code Ann. § 39-13-505(a)(1) (1997).  In addition, "'coercion' means the threat of kidnapping, extortion, force or violence to be performed immediately or in the future."  Tenn. Code Ann. § 39-13-505(b) (1997).

The victim testified that one night after her birthday in 1994, the defendant became extremely angry about something she had done.  The defendant then ordered the victim to come into his bedroom, and she became so frightened that she began shaking and crying.  The defendant asked her whether he had "to tell [her] to do something more than once before [she did] it" and then ordered her to fellate him.  She complied, hoping to avoid a "whooping."  The victim was not beaten after she performed fellatio on the defendant.

Just as he challenged the sufficiency of the evidence for his aggravated sexual battery conviction, the defendant argues that because the state's proof showed that sexual penetration had occurred and the defense's proof consisted of a denial that the incident had even occurred, the jury's only choice was to either convict him of rape or acquit him of the offense.  However, the jury in this case could have found that the evidence of sexual penetration was insufficient to support a conviction for rape but still found, beyond a reasonable doubt, both that the defendant had had unlawful sexual contact with the victim accompanied by coercion and that the sexual contact was for the purpose of sexual arousal or gratification.  See, e.g., State v. William Jewell, No. 02C01-9310-CR-00245 (Tenn. Crim. App. filed June 28, 1995, at Jackson).  Thus, we conclude that when the evidence is viewed in the light most favorable to the state, the

evidence was sufficient to support the conviction for sexual battery. The defendant is not entitled to relief on this issue.

## V. LESSER OFFENSES

The defendant contends that the trial court erred when it instructed the jury that it could consider aggravated sexual battery as a lesser included offense of rape of a child and could consider sexual battery as a lesser included offense of rape. Specifically, the defendant argues that if the jury believed the victim then the only possible verdicts were either guilty of rape of a child and rape or not guilty of any offense, because the allegation, if believed, involved unlawful sexual penetration.

The Tennessee Supreme Court has stated that a trial court has a duty to instruct the jury as to all of the law of each offense charged in the indictment. State v. Cleveland, 959 S.W.2d 548, 553 (Tenn. 1997). In order to fulfill this duty, "the trial court must instruct the jury on all lesser grades or classes of offenses and all lesser included offenses if the evidence will support a conviction for the offenses." Id. These instructions "allow the jury to consider all relevant offenses in determining the appropriate offense for conviction." Id.

This Court has previously stated that aggravated sexual battery is a lesser offense of rape of a child. See State v. Michael D. Evans, No. 03C01-9703-CR-00104 (Tenn. Crim. App., Knoxville, Dec. 9, 1997). In addition, this Court has previously stated that sexual battery is a lesser grade offense of rape. State v. Donald Long, No. 02C01-9610-CC-00362 (Tenn. Crim. App., Jackson, Feb. 24, 1998). As previously stated, the evidence in this case supports convictions for the offenses of aggravated sexual battery and sexual battery because the jury could have found that the evidence of sexual penetration was insufficient to support convictions for rape of a child and rape, and still found beyond a reasonable doubt that unlawful sexual contact had occurred. See State v. William Jewell, No. 02C01-9310-CR-00245 (Tenn. Crim. App. filed June 28, 1995, at Jackson). Thus, we conclude that the trial court properly instructed the jury on aggravated sexual battery and sexual battery. The defendant is not entitled to relief on this issue.

## VI. ELECTION OF OFFENSES

The defendant contends that the state did not make a proper election of offenses in this case.

The Tennessee Supreme Court has held that "[w]hen evidence suggests that a defendant has committed many sexual crimes against a victim, the court must require the state to elect the particular offense for which convictions are sought." State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). The supreme court also noted that there are three reasons for the election requirement: (1) that the defendant be aware of the specific charge and thus have opportunity to prepare his defense; (2) that the defendant not face double jeopardy; and (3) that the defendant not face a "patchwork verdict," with "some jurors convicting on one offense and others, another." Id. However, the supreme court stated that the first two concerns are less important because in reality, election provides little aid to a defendant's preparations and "because an accused is protected from double jeopardy for the type of offense or offenses charged during the entire period of time covered in the indictment." Id. Thus, the most important rationale for the election requirement is that it protects against "patchwork verdicts." Id.

### A. Failure to Elect at the Close of the State's Proof

Initially, the defendant argues that the state's election of offenses was improper because the state did not make an election of offenses after the close of its proof. Specifically, the defendant contends that because the state did not make an election of offenses until after the close of the defense's proof, rather than after the close of the state's proof, the defendant was forced to defend against several allegations and was unable to focus on the offenses that the state eventually elected.

We conclude that the state's failure to elect at the close of its proof constitutes harmless error. Although the defendant claims that he was prejudiced by the state's failure to elect at the close of its proof because he was unable to focus on the specific offenses that were subsequently elected, the Tennessee Supreme Court has noted that

> In practice . . . election at the end of the state's proof does little to aid the defendant in preparing his defense. A defendant is obviously better served by requesting a bill of particulars before trial, pursuant to Tenn.R.Crim.P. 7(c).

-11-

Shelton, 851 S.W.2d at 137. In addition, the defendant has failed to identify anything specific that he could or would have done differently if the state had made its election of offenses at the close of its proof rather than at the close of the defense's proof. Because the defendant has failed to show how he was prejudiced by the failure of the state to make its election at the close of its proof, we conclude that this error was harmless. See Tenn. R. App. P. 36(b). The defendant is not entitled to relief on this issue.

## B. Description of Elected Offenses

The defendant contends that the state failed to describe the elected offenses specifically enough to ensure that the jury would reach a unanimous decision.

The state is not required to identify a specific date for an elected offense. Shelton, 851 S.W.2d at 137. Rather, the state may identify an elected offense by referring to a specific type of abuse; the unique circumstances of an incident; or reference to an event such as a holiday, beginning of school, or birthday. Id. at 138. "Any description that will identify the prosecuted offense for the jury is sufficient." Id.

The record indicates that the trial court instructed the jury as to the elected offenses as follows:

> In indictment #94-10713 charging the defendant with the offense of RAPE OF A CHILD, this Court charges you that you may consider the testimony of [the victim] concerning the alleged RAPE OF A CHILD occurring at her father's apartment . . . during the period of time between December 18, 1993 and May 10, 1994; wherein the defendant allegedly told [the victim] to lay on her stomach with her knees under her and unlawfully sexually penetrated her anus.
> In indictment #94-10712 charging the defendant with the offense of RAPE, the Court charges you that you may consider the testimony of the [victim] concerning the alleged RAPE occurring in the apartment . . . between May 10, 1994, and July 28, 1994, wherein the defendant allegedly forced [the victim] to perform fellatio after receiving a whipping.

We conclude that this description of the elected offenses is sufficient to ensure that each juror would consider the same occurrence when deciding whether the state had established beyond a reasonable doubt that the offenses had been committed. The defendant is not entitled to relief on this issue.

## C. Election of Proper Offense

The defendant contends that the state elected an offense for the charge of rape that did not correspond to the proof at trial. We agree.

As previously mentioned, the state elected an offense involving fellatio after a whipping and the trial court instructed the jury that for the charge of rape, the jury should consider the victim's testimony about an incident in which the defendant forced her to perform fellatio after she had received a whipping. However, a review of the record indicates that the victim never testified that she performed fellatio on the defendant after she received a whipping. Instead, the victim testified that on one occasion, she fellated the defendant in order to avoid a whipping and on another occasion, she was beaten but she refused to fellate the defendant. Indeed, the record indicates that the jury recognized this discrepancy. During deliberations, the jury submitted the following question to the trial court:

> The prosecutor stated we where to consider a specific incident where oral sex/whipping occurred. We recall 2 instances similar to this and ask which one we are to consider? We recall from testimony that whipping occurred w/o oral sex on one occasion; the other incident involved oral sex w/o a whipping. Which instance are we to consider? (On the instance where oral sex was performed, we recall it was done "to avoid a whipping").

In answering this question, the trial court simply instructed the jury to reread the jury instructions.

We conclude that the state's improper election of an offense upon which to seek a conviction for the rape charge failed to ensure that the jury would focus on one offense and reach a unanimous verdict. Thus, we conclude that the defendant's conviction for the lesser grade offense of sexual battery must be reversed. The only remaining question is whether the charge of sexual battery must be dismissed or whether this matter must be remanded for a new trial on that charge.

The Tennessee Supreme Court recently addressed the proper remedy for improper election of offenses in State v. Brown, 992 S.W.2d 389 (Tenn. 1999). In Brown, the defendant was charged with one count of rape of a child. After the state introduced evidence of up to five incidents of digital penetration, the trial court required the state to make an election of offenses. Rather than electing a

single event, the state merely narrowed the time period in question from between March 1, 1993, and September 30, 1993, to between April 11, 1993, and June 30, 1993. The supreme court held that the state's election was improper because rather than describing the elected offense by relating it to some occurrence in the victim's life, the state merely narrowed the time period in a way that did not identify any specific incident. Id. at 392. In addition, the supreme court noted that because there was no proof in the record that any sexual abuse occurred after April 11, 1993, the evidence did not support the time-frame selected by the state. Id. The supreme court then rejected the proposition that because the time period of the elected offense was not supported by the record, the evidence was legally insufficient. Id. The supreme court stated:

> The election requirement only requires the State to select which of multiple offenses in evidence it relies upon to seek the conviction to ensure that the jury focuses on and is unanimous with respect to that conviction. Therefore, the remedy for the State's failure to satisfy the election requirement is a new trial and not a dismissal due to insufficient evidence.

Id.

We conclude that under Brown, the proper remedy for the improper election in this case is a new trial, not a dismissal for insufficient evidence. The state's election of an offense involving fellatio after a whipping and the trial court's instruction that the jury should consider the testimony of the events that occurred on that occasion did not alter the elements of the offense of sexual battery that had to be established in order to support a conviction. Rather, the state's election in this case resulted in the same error that the Brown court stated did not render the evidence legally insufficient: The elected offense was alleged to have occurred at a time for which there was no support in the record.

As previously stated, the evidence in this case was sufficient to support a conviction for sexual battery. The fact that the state made an improper election did not render the evidence insufficient, it merely created a situation where the jury could reach a patchwork verdict. Thus, the proper remedy is reversal of the sexual battery conviction and remand for a new trial on that charge.

## VII. CONCLUSION

Based on the foregoing, the judgment of the trial court as to the charge of aggravated sexual battery is AFFIRMED, and the judgment as to the charge of

-14-

sexual battery is REVERSED and this case is REMANDED for a new trial on that charge.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
THOMAS T. WOODALL, Judge